**JUN CHAO CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**Nos. 07–0582–ag(L), 07–3053–ag(con).**

United States Court of Appeals, Second Circuit.

Oct. 23, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**38**

Thomas V. Massucci, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner, Jun Chao Chen, a native and citizen of China, seeks review of a January 26, 2007 order of the BIA sustaining the government's appeal of the February 22, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb granting Chen's application for relief under INA § 212(c). *In re Jun Chao Chen,* No. A 40 022 363 (B.I.A. Jan. 26, 2007), *rev'g* No. A 40 022 363 (Immig. Ct. N.Y. City Feb. 22, 2005). Additionally, Chen seeks review of a June 20, 2007 order of the BIA denying his motion to reopen his removal proceedings to allow him to file an initial application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Chao Chen,* No. A 40 022 363 (B.I.A. June 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In his brief to this Court, Chen concedes that this Court does not have jurisdiction to review his petition challenging the BIA's January 2007 decision and explicitly states that he does not challenge that decision. Therefore, we deem any challenge to that decision waived and dismiss Chen's petition for review of the BIA's January 2007 decision. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

 We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to

say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

This Court lacks jurisdiction to review the final order of removal of an alien convicted of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1252(a)(2)(C), § 1227(a)(2)(A)(ii). However, the Court retains jurisdiction to review any "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Because Chen was ordered removed under 8 U.S.C. § 1227(a)(2)(A)(ii) (INA § 241(a)(2)(A)(ii)), this Court only has jurisdiction to address his petition for review of the BIA's June 2007 decision to the extent that he raises a constitutional claim or question of law. *Id.*

Chen's argument that the BIA failed to provide a rational basis for its finding that he did not demonstrate that the evidence he presented could not have been discovered or presented previously does not raise a question of law because it only challenges the correctness of the BIA's factual findings in this regard. *See Xiao Ji Chen v. U.S. Dep't. Of Justice,* 471 F.3d 315, 329 (2d Cir.2006). As such, we dismiss Chen's petition to the extent that we lack jurisdiction to address that argument.

■ Nonetheless, we have jurisdiction to address Chen's argument that the BIA's interpretation of its regulations conflicts with 8 C.F.R. § 1208.4(b)(4) and that the BIA failed to apply the appropriate standard in evaluating his motion to reopen. *See INS v. St. Cyr,* 533 U.S. 289, 302, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (noting that the scope of habeas corpus jurisdiction encompassed alleged "errors of law, including the erroneous application or interpretation of statutes"); *Xiao Ji Chen v. U.S. Dep't. Of Justice,* 471 F.3d 315, 329

(2d Cir.2006) (holding that Congress intended to provide an adequate and effective substitute for habeas corpus with the enactment of 8 U.S.C. § 1252(a)(2)(D)).

The regulations provide in 8 C.F.R. § 1208.4(b)(4) that "[i]n conjunction with a motion to remand or reopen . . ., an initial asylum application shall be filed with the Board of Immigration Appeals if jurisdiction over the proceedings is vested in the Board of Immigration Appeals." The BIA erred in finding that the regulations did not allow for consecutive applications for relief because, as Chen argues, 8 C.F.R. § 1208.4(b)(4) specifically allows for the submission of an initial asylum application after removal proceedings have concluded. Nonetheless, the BIA's denial of Chen's motion was not an abuse of discretion because that regulation also requires that such application be filed in conjunction with a motion to reopen or remand. See 8 C.F.R. § 1208.4(b)(4). Accordingly, where he filed his application in conjunction with a motion to reopen, Chen had to meet the applicable requirements under 8 C.F.R. § 1003.2(c)(1) in order to prevail. *Cf. Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008) (upholding the BIA's interpretation of 8 C.F.R. § 1208.4(b)(2)(3)(ii) that aliens who have completed removal proceedings and who are under a final order of removal must file a new asylum application in conjunction with a motion to reopen and, accordingly, must meet the applicable requirements of a motion to reopen in order to succeed).

In its decision, the BIA addressed Chen's argument that he did not previously apply for asylum because he had applied for relief under INA § 212(c), which was the "best" relief available, and had no need to apply for asylum until that relief was denied. The BIA found that despite that explanation, Chen failed to establish that the evidence he sought to submit could not

have been discovered or presented at the prior hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006). That finding—one which we do not have jurisdiction to review, as discussed above—is dispositive of Chen's motion to reopen to file his asylum application. *See* 8 C.F.R. § 1003.2(c)(1) (prohibiting the BIA from granting a motion to reopen unless "it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"); *cf. Yuen Jin,* 538 F.3d at 151–56.

For the foregoing reasons, the petitions for review are DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).